YELL, GOVERNOR, USE COVANT & CO. VS. OUTLAW ET AL.

The plaintiff or appellant, has a right to dismiss his appeal, or writ of errror, at his
  own costs, where the judgment has not been suspended, or superseded : other-
  wise, where recognizance has been entered into in the court below, and this court
  having control of the cause, ought to award damages on affirmance.

*Appeal from Jefferson Circuit Court.*

On motion to dismiss the appeal.

Trapnall, in support of his motion, referred to the cases of *Martin* vs. *Lawrence*, &c. 1 *John. Cas.* 396. *Defenderffer* vs. *Hughes*, 6 *Har.* & *J.* 3. *Newson's adm'r.* vs. *Douglass*, 7 *Har.* & *J.* 454. *Hancock co.*, vs. *Marsh*, 2 *Scam.* 491.

Mr. Chief Justice Watkins delivered the opinion of the Court.

The appellant, who was the plaintiff below, moves for leave to dismiss his appeal after the submission of the cause in this court. No recognizance for stay of execution was entered into in the court below. It follows from the decision in *Clay* vs. *Notrebe*, 6 *Eng.* 336, that the right of appeal given in common law cases, is a cumulative remedy to that by prosecuting a writ of error, both identical in their operation and design for the correction of errors. *Reed* vs. *Latham*, 1 *Ark.* 71, *State Bank* vs. *Conway*, at January term, 1853. So, the practice has been to treat the privilege of obtaining an order, allowing an appeal in chancery causes, by application to the Supreme Court, or one of the judges, within a year from the rendition of the decree, as cumulative to the right to have an appeal granted in the court below, during the term at which the decree was rendered. So that a party praying an appeal in the court below, but failing to prosecute it, may yet sue error at any time within three years, in a common law case, or obtain an appeal in a chancery cause, when reasonable grounds for its allowance appear, by application within the year to the Supreme Court.

Where recognizance has been entered into to stay execution, the appellant or plaintiff in error, dismissing his suit, would subject himself to an affirmance by the opposite party, on production of a transcript, as provided by the statute, or to an action on the recognizance. And where there has been a recognizance, this court, after it has obtained control of the cause, might well refuse to allow a dismissal of it in all cases where, in its discretion, damages ought to be imposed upon affirmance; because if the appeal taken in the court below appear to have been for delay, the appellant will not be allowed to escape the consequences, after having received the benefit of the delay.

But giving the statute that construction which would make it most beneficial, where the execution of the judgment has not been suspended or superseded, no reason short of a manifest design to vex and harrass the opposite party, ought to deprive the appellant, or plaintiff in error, of what we conceive to be his right, to dismiss, at his own costs, his appeal or writ of error; and which he may renew at any time within the period limiting the right to bring error.

Motion granted.